BLANCHIN *v.* STEAMER FASHION AND OWNERS—T. R. BRADY et al.,
Intervenors.

The release, by bonding her, of a steamboat, provisionally seized for supplies furnished, does not ex-
tinguish the privilege under which the seizure has been made.

The privilege for supplies furnished a steamboat expires after sixty days from the time of furnishing
them. Where the boat is seized on a claim for supplies, the time is arrested, as to other creditors,
while she is in the Sheriff's custody—but when she comes back into the owner's hands, as to those
creditors, the time begins to run again.

The bond given to release a steamboat from a provisional seizure for supplies, takes the place of
the boat, and the plaintiff has the protection of the bond.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Magne,* for plaintiff and appellant. *Price & Denegre,* for defendants.

SLIDELL, C. J. We do not think the release of the steamer on the bond
given in this case, extinguished the plaintiff's privilege upon the steamer, as
was held by the District Judge. The privilege springs from the nature of the
debt, and not, as in case of attachment, from the seizure.

We think the effect of time, which was running against the plaintiffs' privi-
lege, was arrested, as to other creditors, only while the boat was in the She-
riffs' custody, which was but one day. As soon as she went into the owners'
hands, the time began to run again, so far as other creditors were concerned.
The opposite doctrine would conflict with the theory of the later decisions,
which is, that when the boat is not in legal custody, the privilege runs out, as
against other creditors, in sixty days.

The bond, *quoad* the provisional seizure, took the place of the boat; and it
will be observed that the conditions of the bond taken in this case, pursuant
to the statute is, that the defendant shall satisfy such judgment as may be rend-
ered in the suit. So, there the plaintiff has the protection of the bond.

We therefore conclude, that by the lapse of sixty days between the time
when plaintiff furnished a portion of the supplies, and the 23d of March, when
the steamer was seized under the plaintiff's *fi. fa.,* the privilege for a portion
of his claim expired, as against other creditors.

In the cases of some other creditors, the time had partially run out before
their claims were filed.

It is therefore decreed, that the judgment be amended, by making *C. Blan-
chin* as a privileged creditor in the fifth class enumerated in the decree of the
District Court, for the sum of $274 44; that the privilege allowed by the de-
cree to *Jean Francis* and *A. P. Lee,* be refused, and that they be ranked only as
ordinary creditors; that the amount for which *Lazaretti* is allowed a privilege,
be reduced to the sum of $65, and that he be ranked as an ordinary credi-
tor for the residue of the amount adjudged in his favor; that the amount for
which *Daquin & Co.* are allowed a privilege, be reduced to $24 46, and that
he be ranked as an ordinary creditor for the residue of the amount adjudged
in his favor.

It is further decreed, that the costs of the appeal be paid by the appellees.

BUCHANAN, J., OGDEN, J., and SPOFFORD, J., concurring.

VOORHIES, J., dissenting. The plaintiff brought this action to recover the
sum of $87 16, alleged to be for supplies furnished the steamer Fashion, and

7

for which he also claimed a privilege on her. She was provisionally seized, and, on the 18th of February, 1853, released on the defendants' bond. On the 10th of March, 1853, judgment was rendered in favor of the plaintiff for the amount of his claim, with five per cent. interest thereon, from the 17th of February, 1853, until paid, and costs, with privilege on the property provisionally seized. The steamer was seized and sold under an execution issued on this judgment. Several of the creditors filed petitions of third opposition in the suit, claiming privileges on the proceeds of the sale.

The plaintiff took a rule on all the parties, or third opponents, to show cause why his judgment should not be satisfied out of the proceeds of the sale of the boat in preference to their claims. The District Court rendered judgment thereon, classing the plaintiff's claim in rank "next above to the ordinary creditors, by virtue of his seizure or execution." From this judgment the plaintiff has appealed.

It is undeniable that plaintiff's privilege for supplies, under Article 3204 of the Civil Code, existed at the time the steamer was provisionally seized and bonded. Was it extinguished previous to the seizure and sale under the plaintiff's execution? In deciding this question in the affirmative, the Judge a quo says, "The right of provisional seizure and sequestration, is given to a certain class of creditors; but this right is subject to the condition that the seizure may be set aside upon defendants' giving bond. The right to seize is undisputed, so is the right to bond. The privilege is undisputed and exists for sixty days, whether the boat is seized or not. If seized within the time, then prescription ceased to run so long as the boat was in possession of the Sheriff; but the right of bonding being an incident to the right of seizing, the moment the former right is enforced, the boat must be considered as not seized at all, and the seizing creditor *must look to his bond which represents the boat,* in the same manner as an attaching creditor must look to the bond which releases the property attached. But while the boat is in the actual custody of the Sheriff, no one will furnish supplies, and no one can he injured by the fact of seizure ; the time between the bonding and the trial, and final judgment, may be several months, and during this period the boat is running; but if she runs more than sixty days, the privilege is lost. The Code makes no distinction whether the boat is running as a bonded boat or not. The extreme time of the duration of the privilege is sixty days, and prescription will only cease to run from the time the boat is actually in the custody of the Sheriff." It appears to me the Judge a quo erred. He has, in my opinion, confounded the right with the remedy. The privilege given to the furnisher of supplies, is a right created by law existing independently of the remedy. It is clear to my mind that the creditor is not bound in the enforcement of that right, to resort to the conservatory act of provisional seizure, which can only be considered as remedial. If the creditor does not think proper to resort to the provisional seizure, the question then recurs, is the prescription of the right interrupted by the institution of a suit ? The Code declares, that prescription is interrupted when the possessor has been cited to appear before a court of justice on account of the property or possession. Art. 3484. The same rule applies to the prescription *liberandi causa.* Ibid, 3516, 3517. 12 L. R. 530. This rule, which is general in its application, certainly embraces the present case; otherwise, what would be the result ? In almost every case, where the property was not provisionally seized, prescription would be acquired before the termination of the

litigation or judgment obtained by the creditor. If the creditor has the right to enforce his privilege created by law on the thing without resorting to the harsh remedy by provisional seizure, which can hardly be gainsayed, it is difficult to perceive how his right or privilege can possibly be affected by a remedy which he is entitled to merely as an auxiliary. In support of the principle enounced by him, the Judge *a quo* adverts to cases of attachment when the property attached has been released upon the defendants' bond. The distinction between cases of attachment and provisional seizure or sequestration is, in my opinion, obvious; in neither of these is there any privilege created by virtue of the seizure, the writ being reverted to, merely for the purpose of securing a right or privilege already existing upon the thing; and in that, the privilege springs only from the seizure under the writ of attachment. Hence, it follows as a necessary consequence, that the privilege thus created must terminate with the release of the property on the defendant's bond. It seems to me a different construction of the law would have the effect of destroying the creditor's right or privilege, given to him by law, on the thing itself, by substituting in lieu of such privilege, a bond which might ultimately turn out to be entirely worthless, or, at all events, compelling him to bring another suit to enforce his right.

It is said that the rights of third persons acquired after the expiration of the sixty days, cannot be affected, whether the boat is running as a bonded boat or not; and that to preserve the privilege after the sixty days, the boat must be seized and held in the possession of the Sheriff. It seems to me this proposition is untenable. It has been held in actions of revendication, that the defendant cannot convey the property in dispute, or create any incumbrance upon it, to the detriment of the plaintiff, during the pendency of the suit, which is considered as a notice to the whole world.

I am therefore of opinion, that the plaintiff is entitled to a judgment for the whole amount of his claim, to be paid by preference out of the proceeds of the sale of the steamer Fashion.